IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11 B 17928 |
| Bolivar Fernandez ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| Plaintiff, ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ADV. NO. 11 AP 01249 |
| TCF National Bank ) | |
| Defendant. ) | |

## FINDINGS OF FACT

**A.  The Parties**

1. The Plaintiff is Bolivar Fernandez ("Plaintiff").

2. The Defendant is TCF National Bank ("Defendant").

**B.  Factual Background**

1. On or about April 27, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiff owns the real estate commonly known as 3917 N. Drake Avenue, Chicago, IL 60618.

3. That Liberty Bank holds a first mortgage lien on the real property commonly known as 3917 N. Drake Avenue, Chicago, IL 60618, with a secured claim of $236,355.60 pursuant to the Plaintiff's recent mortgage statement.

4. The Defendant holds a second mortgage lien on the real property known as 3917 N. Drake Avenue, Chicago, IL 60618 in the approximate amount of $86,950.00 pursuant to the Plaintiff's recent mortgage statement.

5. That the Plaintiff obtained an appraisal of the property on April 14, 2011 indicating the value of 3917 N. Drake Avenue, Chicago, IL 60618 as $150,000.00.

6. The first mortgage lien of Liberty Bank is a secured claim based on the mortgage recorded on March 19, 2008 as document number 0807933136 with the Cook County Recorder of Deeds, Illinois.

7. The second mortgage lien of TCF National Bank is a secured claim based on the mortgage recorded on April 9, 2008 as document number 0810046015 with the Cook County Recorder of Deeds, Illinois.

8. The current Chapter 13 Plan provides the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $550.00 per month for 36 months.

9. Under the Plan, general unsecured creditors will be paid a dividend of ten percent (10%) of their allowed claims.

10. On May 31, 2011, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 3917 N. Drake Avenue, Chicago, IL 60618.

11. That on May 31, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Regular U.S. Mail, postage prepaid to an officer of the Defendant at 200 Lake Street East, Wayzata, MN 55391.

12. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

13. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

14. No evidence has been presented to challenge the appraised value of $150,000.00.

15. The first secured claim of Liberty Bank in the amount of $236,355.60 exhausts the value and equity in Plaintiff's residence.

16. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.   Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.   Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the first secured claim of Liberty Bank in the amount of $236,355.00, and the second secured claim of TCF National Bank in the amount of $90,043.00.

5. That value of Plaintiff's residence is $150,000.00.

6. As there is no value or equity to support the second priority lien of TCF National Bank the claim is not a claim secured at all by a security interest in the Debtor's

residence, as the term is used in § 1322(b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F. R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the Plan by the Debtor, and entry of the discharge. *In re Meyer,* 2009 B 20268, Docket Entry 69 (Bankr.N.D.Ill. January 29, 2010).

Dated: 8/16/11

Enter:

_____
United States Bankruptcy Judge

AUG 16 2011

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625